UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2024 JUL -9 PM 2: 29

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. |
| Plaintiff, | : | JUDGE  3:24-cr-0059 |
| | : | |
| v. | : | **INDICTMENT**   THOMAS M. ROSE |
| | : | |
| SHAWN MILLER | : | 18 U.S.C. §922(g)(1) |
| | : | 18 U.S.C. §924(a)(8) |
| Defendant. | : | 18 U.S.C. §924(c) |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(A)-(C) |
| | : | 21 U.S.C. § 856(a)(2) |
| | : | |
| | : | **FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

## COUNT 1
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A)-(C)]

On or about August 31, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowingly and intentionally possessed with the intent to distribute:

a. 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); and

b. 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (also known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); and

c. a mixture or substance containing a cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

**All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – (C).**

## COUNT 2
**[18 U.S.C. § 924(c)]**

On or about August 31, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States – namely, possession with intent to distribute controlled substances as alleged in Count 1 of the Indictment – in violation of Title 21, United States Code, §§841(a)(1) and (b)(1)(A) – (C).

In violation of 18 U.S.C. § 924(c).

## COUNT 3
**[21 U.S.C. §856(a)(2)]**

On or about August 31, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowingly and intentionally managed or controlled any place – whether permanently or temporarily – as an occupant, and knowingly and intentionally made available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

In violation of 21 U.S.C. Section 856(a)(2).

## COUNT 4
**[18 U.S.C. §§ 922(g)(1) and 924(a)(8)]**

On or about August 31, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT 5
**[21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi)]**

On or about December 5, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (also known as fentanyl), a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).**

## COUNT 6
## [21 U.S.C. §856(a)(2)]

On or about December 5, 2023, in the Southern District of Ohio, defendant **SHAWN MILLER**, knowingly and intentionally managed or controlled any place – whether permanently or temporarily – as an occupant, and knowingly and intentionally made available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

In violation of 21U.S.C. Section 856(a)(2).

## FORFEITURE ALLEGATION 1

Upon conviction of one or more of the offenses set forth in Counts 1, 3, 5, and 6 of this Indictment, defendant **SHAWN MILLER** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s).

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses set forth in Counts 1 through 4 of this Indictment, defendant **SHAWN MILLER** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s).

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

_____
GRAND JURY FOREPERSON


KENNETH L. PARKER
UNITED STATES ATTORNEY

_____
JAHAN S. KARAMALI
ASSISTANT UNITED STATES ATTORNEY